UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| TRANSAMERICA LIFE INSURANCE COMPANY,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>ANGELINA D. SLEE, et al.,<br><br>　　　　Defendant. | CASE NO. 2:19-CV-1536-JLR-DWC<br><br>ORDER DENYING MOTION TO DISMISS AS MOOT |

The District Court has referred this action to United States Magistrate Judge David W. Christel. Presently before the Court is Defendants' Motion to Dismiss. Dkt. 13.

Defendants Angelina Slee, Thomas Slee, and Anthony Slee, as power of attorney for Angleina Slee, filed the pending Motion to Dismiss on November 7, 2019. *See* Dkt. 13. After the Motion to Dismiss was filed, Plaintiff filed the Amended Complaint as a matter of course. *See* Dkt. 18; Fed. R. Civ. P. 15(a)(1)(B) (the Amended Complaint was filed within 21 days of the Motion to Dismiss).

An amended complaint supersedes the original complaint. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). The original complaint is "treated thereafter as non-existent." *Loux v.*

*Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) *overruled on other grounds by Lacey v. Maricopa County*, 693 F.3d 896 (9th Cir. 2012). The Motion to Dismiss attacks the original Complaint, which is now "non-existent." Therefore, the Motion to Dismiss became moot with the filing of the Amended Complaint.

Accordingly, the Motion to Dismiss (Dkt. 13) is denied without prejudice as moot. Defendants have the right to file a motion to dismiss as to the Amended Complaint. *See Bromfield v. McBurney*, 2008 WL 623322, *2 (W.D. Wash. March 3, 2008) (recommending the defendants' motion to dismiss be denied as moot because an amended complaint was filed, which operated as a complete substitute for the original complaint); *see also Bacon v. Reyes*, 2013 WL 3893254 (D. Nev. July 26, 2013) (denying motion for summary judgment as moot based on the filing of an amended complaint); *Farkas v. Gedney*, 2014 WL 5782788, *3 (D. Nev. Nov. 6, 2014) ("[B]ecause granting [plaintiff's] motion for leave to amend will alter the scope of defendants' now-filed motion for summary judgment, defendants' motion for summary judgment is denied without prejudice, subject to re-filing based on the scope of the soon-to-be amended complaint.").

Dated this 12th day of December, 2019.

David W. Christel
United States Magistrate Judge