UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

TRANSAMERICA LIFE
INSURANCE COMPANY,

                    Plaintiff,

          v.

ANGELINA D. SLEE, et al.,

                    Defendants.

CASE NO. 2:19-CV-1536-JLR-DWC

REPORT AND RECOMMENDATION

Noting Date: April 24, 2020

The District Court has referred this action to United States Magistrate Judge David W. Christel. Presently before the Court is Defendants' Motion to Dismiss for Lack of Federal Court Jurisdiction and Failure to Name a Necessary Party. Dkt. 25.

The Court concludes that (1) the amount in controversy requirement is met for diversity jurisdiction and (2) the agent is not a necessary party under Rule 19. Therefore, the Court recommends Defendants' Motion to Dismiss (Dkt. 25) be DENIED.

## I.      Background

On November 25, 2019, Plaintiff Transamerica Life Insurance Company ("Transamerica") filed this suit in federal court seeking declaratory judgment relating to a long-

term care insurance policy. Dkt. 18, p. 1. The Amended Complaint alleges that Defendants

Thomas Slee and Angelina Slee[1] each purchased the identical form of long-term care policy

from Transamerica's predecessor Bankers United Life Assurance Company in 1997 and

submitted claims to Transamerica for Nursing Home Benefits in 2019. Dkt. 18, pp. 2–3, 5.

Transamerica determined that the Slees were not entitled to benefits under the policies. Dkt. 18,

p. 5. The central dispute in this action involves the interpretation of "The Nursing Home Benefit"

in the policies. Dkt. 18, p. 2.

Defendants, Thomas, Angelina, and their son, Anthony Slee (power of attorney for

Angelina), contest federal court jurisdiction. On January 2, 2020, Defendants filed the  Motion to

Dismiss  with the Court. Dkt. 25. Defendants also submitted the Declarations of Anthony Slee

(Dkt. 25-1) and Randall Johnson, Defendants' counsel (Dkt. 25-2) in support of their Motion. On

January 21, 2020, Transamerica filed an opposition to Defendants' Motion to Dismiss, along

with the Declarations of Krisin Nealy Neier (Dkt. 29), Courtney Wunderlich (Dkt. 30), and

Gretchen McRae (Dkt. 31), a Notice of OIC Letter (Dkt. 30-6), and Initial Disclosures (Dkt. 29-

6). Defendants filed their Reply on January 24, 2020 (Dkt. 32) and the undersigned heard oral

argument on March 3, 2020.[2]

## II.    Motion to Strike

In the Response, Transamerica moves to strike portions of Randall Johnson's and

Anthony Slee's declarations. Dkt. 28, pp. 24-26. Transamerica asserts the two declarations

contain statements that are not based on personal knowledge and are irrelevant. *Id*. The Court

cannot rely on irrelevant facts or evidence not based on personal knowledge when deciding

---

[1] For clarity, the Court will refer to Defendants by their first names as necessary.

[2] The Court heard argument from Attorney Randall Johnson, on behalf of the Slees, and Attorneys Julianna McCabe and Kristin Meier, on behalf of Transamerica.

1  issues in a case. *See Gaub v. Prof'l Hosp. Supply, Inc.*, 845 F. Supp. 2d 1118, 1128 (D. Idaho

2  2012). Therefore, moving to strike evidence for these reasons is superfluous. *Id*. As such, the

3  Court declines to strike portions of Randall Johnson's and Anthony Slee's declarations. The

4  Court, however, will only consider relevant evidence in deciding the issues in the Motion to

5  Dismiss.

6      **III.    Standard of Review**

7          Federal Rule of Civil Procedure 12(b)(1) authorizes the dismissal of a case for lack of

8  subject-matter jurisdiction. *See* FED. R. CIV. P. 12. A complaint must be dismissed under Rule

9  12(b)(1) if, considering the factual allegations in the light most favorable to the plaintiff, the

10  action (1) does not arise under the Constitution, laws, or treaties of the United States, or does not

11  fall within one of the other enumerated categories of Article III Section 2 of the Constitution; (2)

12  is not a case or controversy within the meaning of the Constitution; or (3) is not one described by

13  any jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962); *see* 28 U.S.C. § 1331 (federal

14  question jurisdiction). When determining subject-matter jurisdiction, the Court it is not restricted

15  to the face of the pleadings and may review any evidence to resolve factual disputes concerning

16  the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988).

17          Federal courts are courts of limited jurisdiction, and are presumed to lack subject matter

18  jurisdiction until the plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*,

19  511 U.S. 375, 377 (1994); *see also Miguel v. Country Funding Corp.*, 309 F.3d 1161, 1164 (9th

20  Cir. 2002). Once subject matter jurisdiction has been challenged, the plaintiff bears the burden of

21  establishing it. *Id*

22

23

24

1    **IV.    Discussion**

2        The Court will address two issues: (A) whether the amount in controversy does or does

3    not exceed $75,000, and (B) whether Transamerica failed to name a necessary party under Rule

4    19.

5        A.    Amount in Controversy

6        Defendants assert that the Amended Complaint should be dismissed because the amount

7    in controversy does not exceed $75,000. A federal court has subject-matter jurisdiction over an

8    action when there is complete diversity of citizenship among the parties and the amount in

9    controversy exceeds $75,000. *Abrego Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 679 (9th

10   Cir. 2006) (citing 28 U.S.C. § 1332(a)). Since there is no dispute on the citizenship of the parties,

11   the central question here is whether the amount in controversy prong is met.

12       "In actions seeking declaratory or injunctive relief, it is well established that the amount

13   in controversy is measured by the value of the object of the litigation." *Cohn v. Petsmart, Inc.*,

14   281 F.3d 837, 840 (9th Cir. 2002) (quoting *Hunt v. Wash. State Apple Adver. Comm'n*, 432 U.S.

15   333, 347 (1977)); *see also Matsuda v. Wada*, 128 F. Supp. 2d 659, 663 (D. Haw. 2000)

16   ("[W]here a plaintiff seeks injunctive or declaratory relief, it is well established that the amount

17   in controversy is measured by the value of the object of the litigation."); *Int'l Gateway*

18   *Commc'ns, Inc. v. Commc'n Telesystems Int'l, Inc.*, 922 F. Supp. 122, 125 (N.D.Ill.1996)

19   (holding, in a delaratory relief case where the object of the suit was to escape from liability under

20   a contract, the "value of the relief, therefore, is measured by the liability that will follow if the

21   contract is valid and enforceable").

22       Further, "in cases brought in the federal court . . . [i]t must appear to a legal certainty that

23   the [plaintiff's] claim is really for less than the jurisdictional amount to justify dismissal[.]" *Gaus*

24

*v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (quoting *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 288–290 (1938)); *see also Crum v. Circus Circus Enterprises*, 231 F.3d 1129, 1131 (9th Cir. 2000) ("To justify dismissal, 'it must appear to a legal certainty that the claim is really for less than the jurisdictional amount.'").

The Court initially considers whether the amount in controversy is "facially apparent" from the complaint. *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). The Court also considers outside evidence; "parties may submit evidence outside the complaint, including affidavits or declarations, or other 'summary-judgment-type evidence relevant to the amount in controversy[.']" *Ibarra v. Manheim Investments, Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015). The Court should test each party's alleged amount in controversy "by consideration of real evidence and the reality of what is at stake in the litigation, using reasonable assumptions underlying the defendant's theory of damages exposure." *Id.* at 1198. The Court then decides, by a preponderance of the evidence, whether the amount in controversy has been satisfied. *Id.*

"The amount in controversy includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute[.]" *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005). Treble damages are also considered among those damages. *See, e.g.*, *Nw. Ry. Museum v. Indian Harbor Ins. Co.*, No. C17-1060JLR, 2017 WL 4466619, at *3 (W.D. Wash. Oct. 5, 2017) (when plaintiffs requested treble damages under IFCA, the court trebled the amounts alleged to determine the amount in controversy and denied remand); *Lim v. Nat'l Gen. Ins. Co.*, No. C15-383 RSL, 2015 WL 12025326, at *1 (W.D. Wash. Apr. 30, 2015) (plaintiff sought an award of actual damages, treble damages under IFCA, and reasonable attorney's fees and costs, which was the court considered in determining the amount in controversy and denied remand); *Rain v. Ameriprise Auto & Home Ins. Agency, Inc.*, No. C14-5088 RJB, 2014 WL

1047244, at *3 (W.D. Wash. Mar. 18, 2014) (when plaintiffs requested treble damages and defendants showed that plaintiffs' damages would be at least $41,000.00 before trebling, the court denied remand).

"The Ninth Circuit's recent trend is to consider future damages in determining the amount in controversy." *McDermott v. Life Inv'rs Ins. Co. of Am.*, No. C06-5344 RBL, 2006 WL 2668153, at *2 (W.D. Wash. Sept. 14, 2006); *see Crum*, 231 F.3d at 1131–32 (reversing dismissal on amount in controversy grounds after considering the plaintiff's allegations of future damage).

The Court notes unrelated claims against separate defendants may not be aggregated to reach the amount in controversy requirement. *See Libby, McNeill & Libby v. City Nat. Bank*, 592 F.2d 504, 510 (9th Cir. 1978). "The tests for aggregating claims of one plaintiff against claims of multiple defendants and of multiple plaintiffs against one defendant are 'essentially the same: ... the plaintiff's claims against the defendants must be common and undivided so that the defendants' liability is joint and not several.'" *Id.* (quoting *United States v. So. Pac. Transp. Co.*, 543 F.2d 676, 683 n. 9 (9th Cir. 1976)). *See also Middle Tenn. News Co. v. Chamel of Cincinnati, Inc.*, 250 F.3d 1077, 1081 (7th Cir. 2001) ("In diversity cases, when there are two or more defendants, plaintiff may aggregate the amount against the defendants to satisfy the amount in controversy requirement only if the defendants are jointly liable; however, if the defendants are severally liable, plaintiff must satisfy the amount in controversy requirement against each individual defendant."). Here, Transamerica has alleged two distinct claims. At issue in this case is the interpretation of two separate policies. *See* Dkt. 18. While the policies are identical, Angelina and Thomas have two separate and distinct potential claims against Transamerica.

1   Thus, Transamerica must show it meets the amount in controversy for claims against Angelina

2   and Thomas separately.

3          First, Transamerica has provided evidence that Angelina's current and future benefits

4   may meet policy limits of $315,000. Dkt. 18, p. 4. Evidence shows, based on a conservative

5   actuarial analysis, Angelina's claim for benefits may be at least $131,230. Dkt. 31, McRae Dec.,

6   ¶ 10. Transamerica has also provided evidence of Angelina's potential request for damages,

7   including treble damages, in a Notice of OIC Letter (Dkt 30-6, p. 5) and Initial Disclosures (Dkt.

8   29-6, p. 6). The Court can consider this evidence in addition to considering future damages.

9   Therefore, Angelina's claims have the potential to meet or exceed $75,001.

10         Second, Transamerica has provided evidence that Thomas entered a care facility in

11  September of 2019 and would have become eligible for benefits on November 9, 2019. Dkt. 31,

12  McRae Dec., ¶¶ 22-24. Thomas's claim is potentially valued at $210.00 per day from November

13  25, 2019 – April 8, 2020, $215.00 per day from April 9, 2020 – April 8, 2021, and will increase

14  to $220.00 on April 9, 2021. *Id*. at ¶¶ 24, 30. Transamerica produced evidence that a

15  conservative estimate of benefits that may be owed to Thomas is $81,370. *Id*. at ¶ 32. Therefore,

16  Thomas's claims have the potential to meet or exceed $75,001.

17         The Court concludes that the amount in controversy does not appear with legal certainty

18  to be less than the jurisdictional amount and that Transamerica has submitted enough evidence to

19  satisfy the amount in controversy. Hence, the Court has subject-matter jurisdiction over this case.

20         B.  Necessary Party

21         Defendants contend that the Complaint should be dismissed because Transamerica failed

22  to name Robert Gardner (the agent who sold Angelina and Thomas the policies) as a party;

23  Defendants claim Gardner is a necessary and indispensable party under Rule 19. Dkt. 25. Rule

24

1    19 is "designed to protect the interests of absent parties, as well as those ordered before the court,

2    from multiple litigation, inconsistent judicial determinations or the impairment of interests or

3    rights." *CP Nat'l Corp. v. Bonneville Power Admin.*, 928 F.2d 905, 911 (9th Cir. 1991).

4         1.   *Is an Agent a Necessary Party Under Rule 19(a)?*

5         The Ninth Circuit's analysis of what makes an absent person a necessary party under

6    Rule 19(a)(1) consists of two questions. *Rediger v. Country Mut. Ins. Co.*, 259 F. Supp. 3d 1151,

7    1154 (D. Or. 2017) (applying this analysis and holding the insurance agent was not a necessary

8    party under Rule 19).

9         First, under Rule 19(a)(1)(A), can complete relief be provided to existing parties without

10   the absent person? *Id.* Second, in the alternative, under Rule 19(a)(1)(B), does the absent person

11   claim an interest that relates to the subject of the action? *Id.* Moreover, the moving party has the

12   burden of persuasion in arguing for dismissal. *Id.*

13        a.   Complete Relief to Existing Parties

14        Defendants assert that Gardner is a necessary party because "the Slees will not achieve

15   complete relief of their claims, and will be forced to litigate separate actions against

16   Transamerica in federal court, and against Mr. Gardner in state court." Dkt. 25, pp. 14–15.

17   Defendants further argue that this would increase the likelihood of the Slees facing "inconsistent,

18   and incomplete, relief to their claims." *Id.* While it may be true that the Slees may have to litigate

19   more than one case, Defendants cite no legal authority to support this argument.

20        When there is a dispute between an insured and an insurance-company over the coverage

21   provided by the insurance company, courts can accord complete relief without the insurance

22   agent as a party. *Rediger*, 259 F. Supp. 3d at 1153–54 (holding the court could accord complete

23   relief to the parties without the agent, who sold the policy to the plaintiff, being a party); *Auto–*

24

REPORT AND RECOMMENDATION - 8

1  *Owners Ins. Co. v. Morris*, 191 F. Supp.3d 1302, 1305 (N.D. Ala. 2016) (insurance agent's

2  conduct was "certainly relevant to the coverage issue," but "the court can accord complete relief

3  on that coverage issue without the [agent] being joined as a party"); *Republic–Franklin Ins. Co.*

4  *v. Pasour*, 2011 WL 5169958, at *4–5 (W.D.N.C. July 29, 2011) (when an action involves a

5  contractual dispute over the extent of insurance coverage, the court can provide complete relief

6  without joining an agent who is neither named in the lawsuit nor a party to the contract);

7  *Nationwide Mut. Ins. Co. v. Ruff*, 2011 WL 2491345, at *2 (D.S.C. June 22, 2011) (concluding

8  that when there is a contractual dispute about insurance coverage, the court can grant complete

9  relief among existing parties when the existing parties are the "only two parties to the contract").

10      Complete relief can be accorded when a court is able to fashion "meaningful relief"

11  between the existing parties. *Disabled Rights Action Comm. v. Las Vegas Events, Inc.*, 375 F.3d

12  861, 879 (9th Cir. 2004). Relief is "meaningful" when it is not "partial or hollow" and when it

13  precludes "multiple lawsuits on the same cause of action." *Id.* (quoting *Northrop Corp. v.*

14  *McDonnell Douglas Corp.*, 705 F.2d 1030, 1043 (9th Cir. 1983)); *see also Rediger*, 259 F. Supp.

15  3d at 1155 (holding a dispute between an insured and insurance company over coverage would

16  result in relief that is not "partial or hollow" and final judgment on the claims would preclude

17  multiple lawsuits on the same cause of action).

18      In the present case, similar to the cases listed above, Gardner (agent) is not a necessary

19  party to the case. First, this Court would not be forced to fashion "partial or hollow" relief

20  between the existing parties in the absence of the agent as a party. Whether the outcome is in

21  favor of Transamerica or Defendants, neither result would lead to partial nor hollow relief

22  because both resolve what is at issue in Transamerica's claims. Second, any final judgment on

23  the claim in this case would preclude multiple lawsuits on the same cause of action because of

24

1    the well-established claim preclusion principles of res judicata. Therefore, Defendants have not

2    shown Gardner must be joined to achieve complete relief in this case.

3                    b.   Does the Agent Claim an Interest?

4            The Court will also examine if the agent has an interest in the claim that is sufficient to

5    satisfy Rule 19(a). *Rediger*, 259 F. Supp. 3d at 1156. "Often times, an absent person who is a

6    party to the contract that is being disputed by existing parties can claim a sufficient interest to

7    satisfy Rule 19(a)." *Id.* (holding the insurance agent did not have a sufficient interest in the claim

8    under Rule 19 because he was not a party to the contract).

9            Here, Gardner is not a party to the contract. Therefore, Gardner is not likely the kind of

10   absent person often found to claim a sufficient interest to satisfy Rule 19(a)(1)(B). Thus,

11   Defendants have not shown Gardner has a sufficient interest in this case to warrant dismissal.

12                    c.   Summary

13           Because the Court can grant complete relief to the current parties and Gardner has an

14   insufficient interest in the claim to satisfy Rule 19(a)(1)(B), Gardner is not a necessary party

15   under Rule 19. As Gardner is not a necessary party, the Court declines to consider whether

16   Gardner is an indispensable party under Rule 19(b). *See Rediger*, 259 F.Supp.3d at 1156 ("An

17   absent person is 'indispensable' when the person is a necessary party under Rule 19(a), but

18   cannot be joined, and a court determines 'in equity and good conscience' that the action should

19   not proceed without them and should be dismissed.").

20   **V.    Conclusion**

21           In conclusion, the Court finds (1) the amount in controversy requirement is met, and

22   hence, this Court has diversity jurisdiction, and (2) Robert Gardner, the agent, is not a necessary

23

24

REPORT AND RECOMMENDATION - 10

1  party under Rule 19. [3] Accordingly, Court recommends Defendants' Motion to Dismiss (Dkt. 25)

2  be DENIED.

3        Pursuant to 28 U.S.C. § 636(b)(1) and Federal Rule of Civil Procedure 72(b), the parties

4  shall have fourteen (14) days from service of this Report to file written objections. *See also* FED.

5  R. CIV. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de*

6  *novo* review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

7  imposed by Federal Rule of Civil Procedure 72(b), the clerk is directed to set the matter for

8  consideration on April 24, 2020, as noted in the caption.

9        Dated this 7th day of April, 2020.

10

11                                              David W. Christel
                                                United States Magistrate Judge
12

13

14

15

16

17

18

19

20  _____

21      [3] Defendants have the option of seeking leave to file a cross-claim against Gardner (the agent), which
    would include Gardner in the case without destroying diversity. *See Transamerica Life Ins. Co. v. McFarland*, No.
22  C10-217 RAJ, 2010 WL 11566302, at *1 (W.D. Wash. June 3, 2010) (defendant insured answered Transamerica's
    complaint and counterclaimed against both Transamerica and third-party agent who sold her the policy and who was
23  domiciled in Washington; the court held that when this action began, there was complete diversity between the
    parties and diversity was not destroyed by the counterclaim); *see also Rediger*, 259 F. Supp. 3d at 1157 (noting the
24  defendants could bring a cross-claim against the agent in the present action when finding the agent was not
    indispensable under Rule 19).

REPORT AND RECOMMENDATION - 11